# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD HADLEY, | CASE NO. 1:10-cv-521-AWI-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING THREE STRIKES AND RULE 11(b)(3) SANCTION |
| v. | |
| ROBERT BARNES, et al., | (ECF No. 4) |
| Defendants. | FOURTEEN DAY DEADLINE |

Plaintiff Leonard Hadley ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously at California Substance Abuse Treatment Facility and State Prison, Corcoran. He has since been released from prison.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has four prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983. Those cases are: 1) Hadley v. Rios, et al., 2:05-cv-07726-UA-PLA (C.D. Cal.) (dismissed December 1, 2005, for being frivolous); 2) Hadley v. Rios, et al., 5:05-cv-01185-UA-PLA (C.D. Cal.) (dismissed February 2, 2006, for being frivolous); 3) Hadley v. State of California, et al., 2:07-cv-01592-FCD-EFB (E.D. Cal.) (dismissed March 13, 2008, for failure to state a claim); and 4) Hadley v. Yates, et al., 2:09-cv-01583-GEB-CMK (E.D. Cal.) (dismissed November 30, 2009, for failure to state a claim).

Moreover, the Court finds that a dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Additionally, several other courts have held that dismissals under Heck count as strikes under 28 U.S.C. § 1915(g). See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."). Therefore, the Court takes judicial notice that the Plaintiff has five prior actions dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: 5) Hadley v. San Bernardino Public Defenders Office, et

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1  al., 2:03-cv-01251-UA-PLA (C.D. Cal.) (dismissed March 3, 2003, for failure to state a claim
2  under Heck); 6) Hadley v. San Bernardino County, et al., 5:05-cv-00920-UA-PLA (C.D. Cal.)
3  (dismissed November 2, 2005, for failure to state a claim under Heck); 7) Hadley v. San
4  Bernardino County, et al., 5:05-cv-00951-UA-CW (C.D. Cal.) (dismissed November 8, 2005,
5  for failure to state a claim under Heck); 8) Hadley et al v. San Bernardino County, et al.,
6  5:05-cv-01155-UA-CW (C.D. Cal.) (dismissed February 13, 2006, for failure to state a claim
7  under Heck) and 9) Hadley v. Schwarzenegger, et al., 5:10-cv-00017-UA-PLA (C.D. Cal.)
8  (dismissed January 12, 2010, for failure to state a claim under Heck).

9      It appears to the Court that Plaintiff has three or more strikes and became subject
10 to section 1915(g) well before Plaintiff filed this action on March 17, 2010. Therefore, the
11 Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he
12 is, at the time the Complaint was filed, under imminent danger of serious physical injury.

13     Because it appears that the Plaintiff has on three or more prior occasions brought
14 civil actions that have been dismissed as frivolous or for failure to state a claim and it
15 appears that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the
16 Court HEREBY ORDERS that Plaintiff SHALL SHOW CAUSE within fourteen (14) days of
17 the date of service of this order why the abovementioned actions do not count as "strikes"
18 under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice
19 to allow Plaintiff to refile with the submission of the $350.00 filing fee.

22 -IT IS SO ORDERED.
23 Dated:   January 31, 2012              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

3